## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID MICHAEL MONTGOMERY, | * | |
| #412-797 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  ELH-14-2000 |
| | * | |
| STATE OF MARYLAND | * | |
| | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM

David Michael Montgomery, the self-represented plaintiff, is an inmate presently housed at Eastern Correctional Institution ("ECI") in Westover, Maryland.  He filed correspondence requesting his transfer to a correctional institution in the Baltimore area, and claims that his correspondence warrants an emergency response.  ECF 1 and 3.  Montgomery alleged that he has difficulty telephoning his family in Baltimore City and proximity to family would facilitate visitation, particularly with his "14 month old little girl."  ECF at 1.  His filing will be treated as a complaint requesting preliminary injunctive relief.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). For such relief, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.,* 5 U.S 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009),

vacated on other grounds, __U.S. __, 130 S.Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Inmates do not have a constitutional right to placement in a particular prison. *See Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (the Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status as long as the condition or degree of confinement is within the sentence imposed).  In this case, Montgomery fails to explain, much less demonstrate, that he is likely to suffer irreparable harm without the emergency injunctive relief. Additionally, the court is mindful that functions of prison management, such as security or prison placement, must be left to the broad discretion of prison administrators to enable safe and effective management. *See, e.g., Gaston v. Taylor,* 946 F.2d 340, 343 (4th Cir.1991); *Wetzel v. Edwards,* 635 F.2d 283, 288 (4th Cir. 1980).  Montgomery does not satisfy the criteria for preliminary injunctive relief, and his request to compel his transfer to a Baltimore area correctional facility will be denied.

Insofar as Montgomery reiterates claims in this correspondence that he has been placed in administrative segregation at ECI instead of protective custody and there was a delay before he was contacted by his ECI case manager, he has already raised substantially the same issues in *Montgomery v Eastern Shore Correctional Institution*, ELH-14-1793 (D. Md) which is proceeding in this court. Montgomery is reminded to write the case number, ELH-14-1793, on all filings that he intends to submit in that case.

 To the extent Montgomery generally claims that he is not receiving adequate mental health services at ECI, he may pursue this claim by filing a separate complaint which identifies the individual or individuals who have allegedly provided inadequate mental health care and the

injury he has suffered.  He will be sent a complaint information packet to assist him in the event he intends to pursue this claim.

For these reasons, Montgomery's Motion for Emergency Injunctive Relief will be DENIED by separate order.


July 21, 2014                                              _____/s/_____
Date                                                           Ellen Lipton Hollander
                                                                  United States District Judge